| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>52-3 JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>16-C00868 |

Court address: 700 Barclay Circle, Rochester Hills, MI 48307     Court telephone no. (248) 853-5553

**Plaintiff's name(s), address(es), and telephone no(s).**
Dave Kerti c/o his attorney

v

**Defendant's name(s), address(es), and telephone no(s).**
Equifax Information Services LLC
c/o resident agent
CSC Lawyers Incorporating Service (Company)
601 Abbot Rd.,
East Lansing, MI 48823

*RECEIVED FOR FILING 52-3 DISTRICT COURT 2016 FEB 25 P 3:10*

**Plaintiff's attorney, bar no., address, and telephone no.**
Adam G Taub (P48703)
17200 W 10 Mile Rd., #200
Southfield, MI 48075
248-746-3790

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 2-25-16 | 5-26-16 | BRIAN M. HENDERSON |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | CASE ASSIGNED TO (P42708)<br>JUDGE LISA L. ASADOORIAN | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Lake Orion | Defendant(s) residence (include city, township, or village)<br>Out-of State |
|---|---|
| Place where action arose or business conducted<br>Lake Orion | |

02/23/2016
Date      Signature of attorney/plaintiff

**EXHIBIT A**

If you require special accommodations to use the court because of a disability or if you require a foreign language, you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | $ | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                       Date

My commission expires: _____  Signature: _____
                        Date                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                     Attachments

_____ on _____
           Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
52-3 DISTRICT COURT

DAVE KERTI,

    Plaintiff,

-vs-                                              Case No.
                                                     Hon.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

## COMPLAINT

### Jurisdiction

1. The amount in controversy is less than $10,000.00.

### Venue

2. The transactions and occurrences which give rise to this action occurred within the boundaries for the State of Michigan, 52-3 District Court.

3. Venue is proper in this Court.

### Parties

4. Dave Kerti resides in Lake Orion, Michigan.

5. Dave Kerti is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

6. The Defendant to this action is Equifax Information Services, LLC, is a foreign corporation ("Equifax"), a furnisher of information as contemplated by the FCRA.

1

## General Factual Allegations

7. Plaintiff discovered false information on his Equifax consumer report; specifically, Equifax was reporting a judgment against Mr. Kerti in the amount of $670,403.00 when the actual judgment liability was approximately $3,000.00.

8. At the time Equifax reported the judgment, Equifax had actual knowledge that the jurisdictional limit of the Court from which the reported judgment was obtained has a jurisdictional limit of $25,000.00.

9. On or about December 1, 2015, Plaintiff sent written notice to Equifax that the $670,403.00 amount was incorrect; specifically, Plaintiff's letter stated:

"December 1, 2015

*By First Class Mail tracking*

Equifax Information Services, LLC
PO Box 105314
Atlanta, GA 30348

RE:   Name:       Dave Kerti
      Soc. Sec:   XXX-XX-XXXX
      **REQUEST FOR REINVESTIGATION**

To Whom It May Concern:

I am writing this letter to request that you reinvestigate false information in my credit history. You are showing a judgment against me in the amount of $673,403.00. This is incorrect. The Court I was sued in has a jurisdictional limit of $25,000.00. Please correct this. The Court file has a copy of the judgment in it that shows the correct amount. Having this judgment show up on my credit report as unpaid in that amount is a complete bar to me getting credit from anywhere.

This false information has affected my credit score. I am asking that it be corrected immediately. Thank you for your prompt attention to this matter.

Sincerely,

[Signature]

Dave Kerti"

10. Mr. Kerti disputed that inaccurate information by transmitting actual notice of his dispute along with an adequate description and explanation to Equifax.

11. Mr. Kerti requested that Equifax reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

12. Mr. Kerti's request for reinvestigation included sufficient information to provide actual notice that the subject credit information was inaccurate and/or the source of information was not reliable.

13. Equifax responded to this dispute from Mr. Kerti by failing to correct the false information.

14. Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

15. Equifax failed to adequately follow the procedures set forth in 15 U.S.C. § 1681i.

16. Equifax violated 15 U.S.C. § 1681e(b).

17. Plaintiff has been denied credit and has foregone applying for his builder's license due to the fact that Equifax is falsely reporting that he owes someone $670,403.00.

18. Plaintiff suffered and continues to suffer actual damages as a result of Equifax's failure to abide by 15 U.S.C. § 1681i.

## Count I – Violations of the FCRA

### 15 U.S.C. § 1681 *et seq.* (Equifax)

19. Plaintiff incorporates the preceding allegations by reference.

20. The appearance of the inaccurate account information was the direct and proximate result of Equifax's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

21. Equifax willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

22. In the alternative, Equifax negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681o;

23. Equifax willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

24. As part of the reinvestigation, Equifax was required to notify the furnishers of the disputed account information in a notice.

25. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

26. Equifax failed to include all relevant information regarding the dispute to the furnishers of the disputed account information in violation of the FCRA, 15 U.S.C. § 1681i(a)(2)(A).

27. As part of the reinvestigation, Equifax was required to consider and give due weight to all relevant information submitted by Mr. Kerti.

28. Equifax's failed to properly consider and give due weight to all relevant information submitted by Mr. Kerti in course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

29. Equifax's reinvestigation improperly resulted in the reporting of information which Equifax found to be inaccurate, incomplete, unverifiable in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

30. Equifax has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

31. In the alternative, Equifax has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o.

32. Mr. Kerti has suffered damages as a result of these violations of the FCRA.

### COUNT II – Intentional Infliction of Emotional Distress (Equifax)

33. Plaintiff incorporates the preceding allegations by reference.

34. Equifax's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

35. Equifax intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

36. Equifax's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

37. Plaintiff has suffered damages as a result of the conduct of Equifax.

### COUNT III – Negligence (Equifax)

38. Plaintiff incorporates the preceding allegations by reference.

2016 FEB 25 P 3: 10  RECEIVED FOR FILING 52-3 DISTRICT COURT

39. Equifax owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

40. Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

41. Equifax's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

42. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by Equifax.

### COUNT IV – Negligence *Per Se* – (Equifax)

43. Plaintiff incorporates the preceding allegations by reference.

44. Equifax's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

45. Those unreasonable actions were *per* se unreasonable.

46. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by Equifax.

### COUNT IV – Defamation by Libel (Equifax)

47. Plaintiff incorporates the preceding allegations by reference.

48. Equifax's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

49. Equifax's publications were not privileged communications.

50. Equifax's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

51. The statements were *per se* defamatory.

6

52. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

53. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT V – Malicious Statutory Libel (Equifax)

54. Plaintiff incorporates the preceding allegations by reference.

55. The inaccurate credit information was published with malice or ill-will.

56. Plaintiff has suffered damages as a result of this malicious libel by Equifax in violation of M.C.L. § 600.2911.

57. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court award actual damages, statutory damages, and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Dave Kerti
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

2016 FEB 25 P 3: 10   RECEIVED FOR FILING   52-3 DISTRICT COURT

Dated: February 23, 2016

062S0007944290

$6.960
US POSTAGE
FIRST-CLASS
FROM 48075
MAR 14 2016
stamps.com

CERTIFIED MAIL™

5214 7769 0099 9790 1606 7888 28

ADAM G TAUB & ASSOCIATES
17200 W 10 MILE RD STE 200
SOUTHFIELD, MI 48075

Equifax Information Services, LLC
CSC-Lawyer's Incorporating Service (Company
601 Abbot Rd.
Lansing, MI 48823

TED
MATTON SERVICES, LLC

486238966 C007